## KLOSE v. KLOSE.

Circuit Court, Palm Beach County.

October 16, 1953.

Beatrice M. Propp, West Palm Beach, for plaintiff.

Hal H. McCaghren, West Palm Beach, for defendant.

C. E. CHILLINGWORTH, Circuit Judge.

This cause, in which plaintiff seeks separate maintenance, was duly tried by the court. Several years ago, in chancery cause #28,787, she and the defendant husband were before this court in a divorce suit brought by the husband. On October 5, 1951 this court dismissed the bill for lack of evidence. This was affirmed by the Supreme Court, 59 So. 2d 877. A purported "settlement agreement" was entered into under date of March 5, 1952, followed by what is commonly called a Mexican "mail order" divorce decree, dated July 16, 1952.

Thereafter, the defendant here went through a marriage ceremony with a former wife. The two have been living together as man and wife since that time.

The defendant asserts that he should pay no maintenance to the plaintiff, first, because the agreement is a complete bar to any claim on her part; secondly, because she lives apart from him through no fault of his; and thirdly, because the Mexican divorce terminated any relationship of husband and wife between them.

The defendant is a man of modest income, although he has a home worth some $18,000, and a substantial interest in a business concern.

On the evidence the court finds that under the circumstances the agreement of March 5, 1952 constitutes no bar to an award of maintenance to the plaintiff herein. Circumstances have changed for the worse for her and for the better for her husband. Because the parties are still husband and wife, the court retains the right to modify the provisions of this agreement. The $750 which she received, after payment of $250 to her then counsel, is deemed payment on account of support from that time to the present time.

The plaintiff left the defendant through no fault of hers. Moreover, it would be quite unreasonable to expect that she should now go back and force herself over the threshold into the home where he is living with a former wife.

Equity requires that he maintain his wife in some reasonable manner.

The Mexican court had no jurisdiction whatsoever over this defendant. At all times he was a resident of Florida and actually was domiciled here. At all times she, the plaintiff, was a resident of Florida and domiciled here. At no time was any notice, personal or constructive, served on the plaintiff here of the pending Mexican divorce litigation. She had no knowledge of it. This court

therefore holds that the Mexican divorce was of no force or effect and that the plaintiff is still the wife of the defendant.

It is ordered that the equities of this cause are with the plaintiff; that the defendant be discharged from any arrears in maintenance that has heretofore occurred under the orders of the court; that beginning October 28, 1953, the defendant pay to the plaintiff the sum of $10 per week for her maintenance; that this amount shall be subject to modification by the court as her circumstances may require, and as his ability may permit; that the plaintiff be awarded as counsel fees for her counsel the sum of $600, to be paid by the defendant within a reasonable length of time; that the costs of this cause be taxed against the defendant; and that this court retain jurisdiction of this cause for the purpose of entering such further orders as to the amount of maintenance to be paid to the plaintiff as may be appropriate.